**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREA GIORDANO,**

                **Plaintiff,**                      **No. 06-cv-1352
                                                                 (GLS-RFT)**

                **v.**

**UNITED STATES OF AMERICA,**

                **Defendant.**
_____

**APPEARANCES:**

FOR THE PLAINTIFF:
OFFICE OF                    E. STEWART JONES, JR., ESQ.
E. STEWART JONES, JR.      MEGHAN RIELLY KEENHOLTS, ESQ.
28 Second Street
Jones Building
Troy, New York 12180

FOR THE DEFENDANT:
HON. ANDREW T. BAXTER    BARBARA D. COTTRELL, ESQ.
United States Attorney        Assistant United States Attorney
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207-2924

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

Currently before the court is defendant United States of America's (the "Government") motion for summary judgment (Dkt. No. 30). Following review of the Government's brief in support thereof, defendant Andrea Giordano's ("Giordano") response, and the record on the matter, the Government's motion for summary judgment is granted.

## **BACKGROUND**

The following facts are undisputed. Giordano is a 45 year old female employed as a Lieutenant with the New York State Police, Bureau of Criminal Investigation. (Dkt. No. 30-3 at ¶ 1.) In November 2003 Giordano attended a "Federal Bureau of Investigation Training Program" conducted at the Federal Bureau of Investigation academy at the United States Marine Corps Base at Quantico, Virginia. (*Id.* at ¶ 2.) During the 10 week training, Giordano attempted to navigate a cross-country obstacle course known as the "Yellow Brick Road." (*Id.* at ¶ 3 and Dkt. No. 34-2 at ¶ 3.) Prior to her attempt to navigate this obstacle course, Giordano received a power point presentation reviewing the course. (Dkt. No. 30-3 at ¶ 5 and Dkt. No. 34-2 at ¶ 5.) This obstacle course consists of, among other things, certain obstacles known as walls and windows, which a participant

2

must climb over.  (Dkt. No. 34-6, Giordano's Deposition at p. 31.)  While attempting to climb over a window, Giordano's hands slipped as she reached the top of the obstacle, and she fell backwards injuring her wrist.  (Dkt. No. 34-2 at ¶ 6 and Giordano's Deposition at pp. 33-34.)  Giordano claims the top of that obstacle was wet.  (Giordano's Deposition at p. 36.)  Giordano had previously successfully navigated a similar window-obstacle.  (*Id.* at p. 33.)  In addition, a number of participants preceded and followed Giordano and successfully navigated and completed the obstacle course, including the particular window-obstacle where the injury occurred.  (Dkt. No. 30-3 at ¶ 7, Dkt. No. 34-2 at ¶ 7, and Giordano's Deposition at p. 35.)  Claiming an unsafe or dangerous condition on that particular window-obstacle, Giordano filed this negligence action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1).  The Government now moves for summary judgment.

## DISCUSSION

Summary judgment may be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  To defeat a summary judgment motion, the nonmoving party must show sufficient evidence to create a genuine

3

issue of material fact. *Molinari v. Bloomberg,* __F.3d__, 2009 WL1138501, at *5 (2d. Cir. 2009). However, the court must draw all facts and inferences in the light most favorable to the plaintiff. *Id.*

> The Second Circuit has indicated that the FTCA:
>
> [W]aives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United Sates for injury or loss of property, or for personal injury or death 'caused by the negligent or wrongful acts or omission of any employee of the Government while acting within the scope of his office or employment.' 28 U.S.C. § 1346(b)(1). The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment.

*Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 80 (2d Cir. 2005). Under the FTCA, "the court [should] apply the substantive law of the place where the events occurred." *Castro v. United States,* 34 F.3d 106, 110 (2d Cir. 1994). Thus, Virginia law applies in this case.

"To constitute actionable negligence under Virginia law, there must be a legal duty, a breach thereof, and a consequent injury." *Betterton v. United States,* 188 F.3d 501, at *1 (4th Cir. 1999) (citations omitted). In this case, Giordano was an invitee on the premises of the Government,

4

thus, it "owed her the duty of using ordinary care to maintain the premises in a reasonably safe condition and to warn her of any hidden dangers" of which the Government knows or should have known. *Id.* The duty of "[n]otice is not required where the danger is open and obvious to a person exercising reasonable care for his own safety." *Id.* In other words, under Virginia law, a plaintiff is contributorily negligent as a matter of law when, despite lacking actual knowledge of a defect, the defect was open and obvious and, by the exercise of ordinary care, the defect could have and should have been seen. *See West v. City of Portsmouth,* 232 S.E.2d 763, 765 (Va. 1977). Virginia law looks not to whether the defect itself was obvious, but whether *the hazard was clearly apparent. Freeman v. Case Corp.,* 118 F.3d 1011, 1014-15 (4th Cir. 1997) (citation omitted).

Here, evidence as to whether the wetness of the obstacle was clearly apparent is in conflict. Nothing in the record indicates that Giordano, while exercising ordinary care, could have seen that the top of the window was wet. It is undisputed that Giordano is 5' 9," the obstacle window is six or seven feet tall, and that Giordano had to stretch her arms and jump to grab the obstacle. On the other hand, there is evidence in the record indicating that a number of participants preceded Giordano and successfully

5

navigated and completed the obstacle course without incident. The Government argues that an obstacle course constitutes an open and obvious danger as a matter of law. Unfortunately, the Government does not cite to any case under Virginia law to support such proposition.

Nevertheless, under Virginia law, the Government's duty of ordinary care and prudence does not make it an insurer of the safety of its invitees. *See W.T. Grant Co. v. Webb,* 184 S.E. 465, 466 (Va. 1936). "In the absence of any evidence tending to show that [the Government] or [its] servants or agents knew, or should have known by the exercise of reasonable diligence, of the defect or unsafe condition, the [Government] will not be liable . . . for injuries caused by some defect or unsafe condition in the premises." *Harris v. Wal-Mart,* 2006 WL 288401, at *4 (W.D.Va. 2006) (citing *Safeway Stores, Inc. v. Tolson,* 203 Va. 13, 121 S.E.2d 751, 753 (Va. 1961)).

"It is the plaintiff's responsibility to introduce such evidence of the landowner's actual or constructive knowledge of a defective condition on the premises to establish her prima facie case of negligence." *Id.* (citing *Roll 'R' Way Rinks, Inc. v. Smith,* 218 Va. 321, 237 S.E.2d 157, 161 (Va. 1977). "A plaintiff proves constructive notice of a condition by showing that

6

the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Id.* (citing *Grim v. Rahe,* 246 Va. 239, 434 S.E.2d 888, 890 (Va. 1993). "If a plaintiff is unable to show when a defect occurred on the premises, she has not made out a prima facie case for constructive notice." *Id.*

Here, Giordano has failed to introduce any evidence indicating the Government knew of the presence of water or any liquid substance on top of the window-obstacle or that it had been raining at any time during or before Giordano's participation in the obstacle course. To the contrary, the record indicates that Giordano testified it was not raining, she successfully navigated a similar window-obstacle before her accident, and several other participants in front of her successfully navigated the same window-obstacle where Giordano fell. (Giordano's Deposition at pp. 28-29, 31, and 40-41.) The Government received no complaints regarding any wet obstacles nor was it aware of similar incidents. Before a court can submit an issue to the jury, the evidence has to be "sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference." *Atrium Unit Owners Ass'n v. King,* 585 S.E.2d 545, 548 (Va. 2003) (citations and quotations omitted); see also *Bridgeway*

7

*Corp. v. Citibank,* 201 F.3d 134, 142 (2d Cir. 2000) (conjecture is insufficient to withstand summary judgment).  Here, Giordano cannot charge the Government with constructive notice of the wetness on top of the window-obstacle.  In the absence of actual notice or constructive notice, the court finds Giordano failed to make a prima facie case of negligence.  Accordingly, the Government is entitled to summary judgment.[1]

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that the Government's motion for summary judgment is GRANTED and the case is dismissed; and it is further

ORDERED that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
May 13, 2009

*/s/ Gary L. Sharpe*
United States District Court Judge

---

[1] Having made this determination, the court does not need to address the Government's defense of assumption of risk.

8